UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE RANDALL,

             Plaintiff,                                 Hon. Ellen S. Carmody

v.                                               Case No. 1:16-cv-265

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
_____/

## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim

for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On June 6, 2016,

the parties agreed to proceed in this Court for all further proceedings, including an order of final

judgment.  (ECF No. 12).  Section 405(g) limits the Court to a review of the administrative record

and provides that if the Commissioner's decision is supported by substantial evidence it shall be

conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the

Act.  For the reasons articulated herein, the Commissioner's decision is **vacated and this matter**

**remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 46 years of age on his alleged disability onset date. (PageID.169). He successfully completed high school and worked previously as a product assembler and line assembly utility worker. (PageID.52-53). Plaintiff applied for benefits on July 15, 2013, alleging that he had been disabled since April 29, 2013, due to arm amputation, scoliosis, tendonitis, chronic pain, and pulled muscles. (PageID.169-70, 191). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.105-68).

On January 28, 2015, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony being offered by Plaintiff and a vocational expert. (PageID.60-104). In a written decision dated February 24, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.45-55). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.32-37). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

3

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1.   An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.   An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.   If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.   If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.   If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from (1) amputation and reimplantation of right upper extremity below the elbow; (2) tendonitis with overuse syndrome of the left upper extremity; and (3) scoliosis, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.46-48).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can lift 5 pounds frequently and 10 pounds occasionally; (2) during an 8-hour workday with normal breaks, he can stand/walk and sit for 6 hours each; (3) he cannot perform handling, fingering, or feeling activities with his non-dominant right upper extremity; (4) he can frequently perform handling and fingering activities with his dominant left upper extremity; (5) he can frequently climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; (6) he can occasionally balance, but cannot crawl; (7) he should not have any exposure to hazards; and (8) he can frequently be exposed to extreme cold and excessive vibrations.  (PageID.49).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.

5

*O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 5,700 jobs in the lower peninsula of Michigan, and approximately 160,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.90-94). Based on this testimony, the ALJ concluded that there existed a significant number of jobs which Plaintiff could still perform. (PageID.53-54). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.        **Plaintiff's Residual Functioning Capacity**

A claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). Plaintiff argues that the ALJ's RFC fails to sufficiently account for impairments and limitations. The Court agrees.

In 1993, Plaintiff suffered a workplace injury resulting in a "right mid-forearm amputation" which was surgically re-attached. (PageID.257-69). Despite being advised to apply

for disability benefits, Plaintiff returned to work and continued to work until early 2013. (PageID.71-76, 86).  On November 19, 2013, Plaintiff participated in a consultive examination conducted by Dr. R. Scott Lazzara.  (PageID.352-58).  The doctor reported that Plaintiff "essentially has no function of the right hand" and, as a result, developed "overuse tendonitis" of the left shoulder "due to overuse and wear and tear."  (PageID.354, 358).  Dr. Lazzara indicated that Plaintiff could carry less than 10 pounds and was unable to engage in "repetitive use" of his left upper extremity.  (PageID.352, 358).  Subsequent treatment notes reveal that Plaintiff was experiencing shoulder pain and decreased range of motion for which he was prescribed Robaxin[2] and Ultram.[3]  (PageID.361-64).  On January 15, 2015, Plaintiff's treating physician, Dr. Jamie Hall, reported that during an 8-hour work day, Plaintiff was unable to lift 10 pounds or reach over shoulder level.  (PageID.387).

As noted above, the ALJ concluded that Plaintiff could, among other things, frequently use his left upper extremity to perform work activities and, moreover, could lift 10 pounds.  This is inconsistent with the opinion of Plaintiff's treating physician that Plaintiff could not, in a work setting, lift 10 pounds.  The ALJ also failed to incorporate into his RFC finding Dr. Hall's restriction that Plaintiff could not reach over shoulder level.  Furthermore, the ALJ concluded that Plaintiff could frequently use his left upper extremity to perform work activities.  This is not consistent with the opinion expressed by Dr. Lazzara, whose opinion the ALJ accorded "great weight," that Plaintiff could not engage in repetitive use of his left upper extremity.

---

[2]  Robaxin is used to treat muscle spasms and pain.  *See* Robaxin, available at http://www.webmd.com/drugs/2/drug-11197/robaxin-oral/details (last visited on August 16, 2016).

[3]  Ultram is "similar to narcotic analgesics" and is used to treat "moderate to moderately severe pain."  *See* Ultram, available at http://www.webmd.com/drugs/2/drug-11276/ultram-oral/details (last visited on August 16, 2016).

In sum, the ALJ's RFC is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

## II.         The Treating Physician Doctrine

As noted above, Plaintiff's treating physician, Dr. Hall, reported that Plaintiff was more limited than the ALJ recognized. The ALJ, however, afforded "[l]ittle weight" to Dr. Hall's opinions. Plaintiff asserts that he is entitled to relief because the ALJ did not articulate sufficient reasons to discount his treating doctor's opinions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232,

8

235 n.1 (6th Cir. 1987)).  The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.  *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so.  *Gayheart*, 710 F.3d at 376.  Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule."  *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)).  Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment.  *Gayheart*, 710 F.3d at 376-77.

In support of his decision to discount Dr. Hall's opinions, the ALJ stated as follows:

Little weight is given to the opinion of Dr. Jam[ie] Hall, a treating source who completed a physical capacities assessment in January 2015 (Exhibit 8F), as his finding of no lifting at all is inconsistent with the report of consultative evaluation and treating records showing tendonitis, but no further issues with the left upper extremity.  The reliance upon depression and anxiety is problematic given there are no prescribed medications and no counseling or treatment for these conditions.  The need for breaks and being off task are similarly of little use without the context of a specific job or

9

at least skill level.  No other treating sources have placed any limitations on the claimant's activities.

(PageID.52).

The Court finds this explanation lacking.  Dr. Hall did not opine that Plaintiff could not perform any and all lifting as the ALJ suggests.  Instead, the doctor indicated that in the context of an 8-hour workday, Plaintiff could not "lift up to 10 [pounds]."  (PageID.387).  This statement is not dissimilar to Dr. Lazzara's statement that Plaintiff could only lift less than 10 pounds.  The Court again notes that the ALJ afforded "great weight" to Dr. Lazzara's opinion.  The ALJ's description of Plaintiff's left upper extremity impairment as merely "tendonitis" is misleading and discounts the reality of Plaintiff's impairment and circumstance.  Rather than merely experiencing tendonitis, Plaintiff suffers from, as the ALJ himself stated elsewhere, "tendonitis with overuse syndrome" caused by the fact that Plaintiff performed medium level physical labor for 20 years with only one functioning upper extremity.

Contrary to the ALJ's statement, there is no indication that Dr. Hall "relied upon" Plaintiff's depression and anxiety.  Dr. Hall simply noted that Plaintiff was experiencing anxiety and depression which "more than minimally limit[ed] his. . .ability to do work related activities." (PageID.387).  This is not inconsistent with the doctor's contemporaneous treatment notes. (PageID.392).  There is no indication that the physical limitations articulated by Dr. Hall were based upon Plaintiff's anxiety and depression as opposed to his physical impairments.  As for the ALJ's observation that "[n]o other treating sources have placed any limitations on the claimant's activities," the Court notes that there is no indication that Plaintiff was receiving treatment at that time from any other *treating* source.  However, Dr. Lazzara, a consulting source whose opinion was

10

accorded great weight did, in fact, articulate limitations upon Plaintiff's activities which, as noted above, were not consistent with the ALJ's RFC.

In sum, the ALJ's rationale for discounting Dr. Hall's opinion is not supported by substantial evidence.  In light of the fact that the doctor's opinion is inconsistent with the ALJ's RFC determination, the ALJ's failure is not harmless.  The ALJ's failure violates the applicable legal standard and renders his decision legally deficient.

**III.          Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance.  Moreover, there does not exist compelling evidence that Plaintiff is disabled.  Accordingly, this matter must be remanded for further administrative action.  The Court hesitates to instruct the Commissioner how to assess this matter on remand.  Nevertheless, given the limited nature of the present medical record it may be prudent to obtain appropriate evidence or testimony from a medical expert qualified to comment on Plaintiff's particular circumstance.

11

## <u>CONCLUSION</u>

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.  A judgment consistent with this opinion will enter.

Date:  October 5, 2016                                    /s/ Ellen S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    United States Magistrate Judge

12